**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000510
30-JUN-2015
08:30 AM**

NO. CAAP-12-0000510

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR
NEW CENTURY HOME EQUITY LOAN TRUST 2006-1, Plaintiff-Appellee,
v.
ROSALINA BAUTISTA ROSANA and ROSALINA BAUTISTA ROSANA, as
Trustee of the "Rosalina Bautista Revocable Living Trust"
dated July 8, 2007, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
solely as nominee, Defendant-Appellee,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE
CORPORATIONS 1-50, DOE ENTITIES 1-50 and DOE GOVERNMENTAL
UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-02476)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendants-Appellants Rosalina Bautista Rosana
("Borrower"), and Rosalina Bautista Rosana, as Trustee of the
"Rosalina Bautista Rosana Revocable Living Trust" dated July 8,
2007 ("Trustee") (collectively, "Rosana"), appeal from the
"Notice of Entry of Judgment" and the "Findings of Fact;
Conclusions of Law; Order Granting Motion for Summary Judgment As
Against All Defendants and for Interlocutory Decree of
Foreclosure" ("FOF/COL"), both entered on April 23, 2012 in the
Circuit Court of the First Circuit ("Circuit Court").[1/]

The case involves a foreclosure complaint filed by
Plaintiff-Appellee Deutsche Bank National Trust Company, as
Indenture Trustee, for New Century Home Equity Loan Trust 2006-1

---

[1/]    The Honorable Bert I. Ayabe presided.

("Deutsche Bank") against Rosana in the Circuit Court on October 11, 2011. Rosana did not answer or otherwise respond to the complaint. On January 6, 2012, the clerk of the Circuit Court entered defaults against Rosana. Following the entry of the FOF/COL and the Judgment, Deutsche Bank filed "Plaintiff's Motion for Permission to Sell Property Without Open Houses" on May 8, 2012 ("Motion for Permission to Sell").

Rosana filed a Notice of Appeal from the Notice of Entry of Judgment and the FOF/COL on May 23, 2012. Shortly thereafter, on May 29, 2012, Borrower filed "Defendant's Objection to Plaintiff's Motion for Permission to Sell Property Without Open House; Rule 60(b) Motion for Relief from Judgment; To Set Aside Default; For Evidentiary Hearing, and for Leave to File Responsive Pleading" ("First Rule 60(b) Motion") pursuant to Hawai'i Rules of Civil Procedure ("HRCP") Rule 60(b)(3) and (4)

On June 12, 2012, Borrower filed "Defendant Rosalina Bautista Rosana's Rule 60(b) Motion for Relief from Judgment; To Set Aside Default; For Evidentiary Hearing, and for Leave to File Responsive Pleading" ("Second Rule 60(b) Motion") pursuant to HRCP Rule 60(b)(3) and (4). In both motions, Borrower argued that Deutsche Bank lacked standing to foreclose and that the Judgment was void because it was obtained by fraud. There is no order in the record regarding either HRCP Rule 60(b) motion. On October 10, 2012, the Circuit Court entered the order granting Deutsche Bank's Motion for Permission to Sell.

On appeal, Rosana asserts that the Circuit Court erred: (1) "in granting summary judgment to plaintiff-appellee since there were obvious inconsistencies on the face of the assignment by which plaintiff-appellee claimed its standing to foreclose"; and (2) "in denying Ms. Rosana's [Second Rule 60(b) Motion]." Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise as well as the relevant statutory and case law, we resolve Rosana's points of error as follows, and affirm.

(1) As to the first point of error, Rosana contends that the Circuit Court erred in granting Deutsche Bank's motion

for summary judgment, because, she claims, the documents that Deutsche Bank offered in support of its motion did not meet the requirements of HRCP Rule 56(e). She also challenges the validity of the "Assignment of Mortgage and Note" recorded on October 14, 2011 and filed in the Bureau of Conveyances, State of Hawaii ("Assignment"), under which New Century Home Equity Loan Trust 2006-1's interest in the Mortgage and promissory note were assigned to Deutsche Bank. We disagree and hold that the Circuit Court did not err in granting Deutsche Bank's motion for summary judgment and decree of foreclosure.

This court has held that when an entry of default has not been set aside in a foreclosure action, the mortgagor may assert a claim to the surplus proceeds of the public sale of the mortgaged property, but does not have standing to contest the merits of the summary judgment motion. *See Deutsche Bank Nat'l Trust Co. v. Tejada*, No. 30654, 2011 WL 4840995, at *2 (Haw. Ct. App. Oct. 12, 2011) (citing *Bank of Haw. v. Horwoth*, 71 Haw. 204, 214-16, 787 P.2d 674, 680-81 (1990)). Moreover, Rosana fails to demonstrate any error. The arguments advanced on appeal were not raised below in opposition to the FOF/COL. Thus, we consider those arguments waived, and decline to hear the matter further. *See Bitney v. Honolulu Police Dept.*, 96 Hawaiʻi 243, 251, 30 P.3d 257, 265 (2001).

(2) As to the second point of error, we do not have jurisdiction to review Rosana's contentions regarding the HRCP Rule 60(b) motions.

Rosana filed a Notice of Appeal from the April 23, 2012 Notice of Entry of Judgment and FOF/COL on May 23, 2012. The two HRCP Rule 60(b) motions were filed on May 29 and June 12, 2012, more than ten days after the April 23, 2012 judgment, and thus cannot be considered as tolling motions under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(3). *See Ass'n of Condo. Homeowners of Tropics at Waikele ex rel. Bd. of Directors v. Sakuma*, 131 Hawaiʻi 254, 256, 318 P.3d 94, 96 (2013) ("Under HRAP Rule 4(a)(3), a *timely* post-judgment motion tolls the time to file a notice of appeal until thirty days after the entry of an order disposing of the motion.") (emphasis added); *Lambert v. Lua*, 92

3

Hawaiʻi 228, 234, 990 P.2d 126, 132 (App. 1999) ("An HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order . . . if the motion is served and filed within ten (10) days after the judgment is entered.") (citation omitted). Moreover, there is no order disposing of either motion in the record,[2/] and no notice of appeal regarding either HRCP Rule 60(b) motion. *See Beneficial Hawaii, Inc. v. Casey*, 98 Hawaiʻi 159, 166, 45 P.3d 359, 366 (2002) (holding that a notice of appeal from the circuit court's disposition of an HRCP Rule 60(b) motion relating to the matters finally determined in a foreclosure decree must be filed within thirty days of the entry of the HRCP Rule 60(b) judgment in order for appellate jurisdiction to exist). Accordingly, we lack jurisdiction over either HRCP Rule 60(b) motion.

Therefore, the "Notice of Entry of Judgment" and the "Findings of Fact; Conclusions of Law; Order Granting Motion for Summary Judgment As Against All Defendants and for Interlocutory Decree of Foreclosure" filed on April 23, 2012, in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawaiʻi, June 30, 2015.

On the briefs:

Sandra D. Lynch
for Defendant-Appellant.

Charles R. Prather and
Sofia M. Hirosane
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2/] Even if Rosana had included the alleged denial of the Second Rule 60(b) Motion in the record on appeal, we could not review the matter. Rosana purports to appeal from a July 1, 2012 minute order denying the Second Rule 60(b) Motion. As such, Rosana's appeal from the denial of the Second Rule 60(b) Motion would be premature, and we would lack jurisdiction over that aspect of the appeal. *See Abrams v. Cades, Schutte, Fleming & Wright*, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (holding that "a minute order is not an appealable order."); *Deutsche Bank Nat'l Trust Co. v. Amasol*, No. SCWC 13-0000040, 2015 WL 1725791, at *2 (Haw. Apr. 14, 2015) (affirming portion of Intermediate Court of Appeals' order determining that appeal from denial of amended HRCP Rule 60(b) motion was premature because no written order had been filed).